IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *ex rel.* | ) | |
| W.A. "DREW" EDMONDSON, | ) | |
| ATTORNEY GENERAL OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-818-D |
| | ) | |
| NATIVE WHOLESALE SUPPLY, | ) | |
| a Corporation chartered by the Sac and Fox | ) | |
| Tribe of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff State of Oklahoma's Motion to Remand [Doc. No. 7], filed

pursuant to 28 U.S.C. § 1447(c). Plaintiff challenges on jurisdictional grounds Defendant Native

Wholesale Supply's removal of the case to federal court. Defendant has timely opposed the Motion,

and Plaintiff has filed a reply brief. The Motion is thus at issue.

Plaintiff commenced this action in the District Court of Oklahoma County, Oklahoma, to halt

cigarette sales allegedly made by Defendant in violation of the Oklahoma Tobacco Master

Settlement Agreement Complementary Act, Okla. Stat. tit. 68, § 360.1 *et seq*. Defendant removed

the case on the ground that Plaintiff's claims "necessarily involve the Constitution of the United

States and questions of federal law" and thus federal jurisdiction exists under 28 U.S.C. § 1331. *See*

Notice of Removal [Doc. 1], ¶ 2. Specifically, Defendant relied on allegations that it is chartered

by the Sac and Fox Nation, is wholly owned by a member of the Seneca Nation, and conducts

business on Indian land with Native Americans. *See* Notice of Removal [Doc. 1], ¶ 2; Petition

[Doc. 1-2], ¶¶ 2, 10.

By its Motion, Plaintiff asserts that the state court petition presents no federal question and thus federal courts lack subject matter jurisdiction.  Plaintiff relies on the familiar principle that a federal claim must appear on the face of a "well-pleaded complaint" to establish federal jurisdiction. *See* Pl.'s Mot. Remand [Doc. 7] at 2-3, *citing Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In response, Defendant acknowledges this principle but invokes an exception to the well-pleaded complaint rule, namely, complete federal preemption.  *See* Def.'s Br. Opposition Pl.'s Mot. Remand [Doc. 21] at 4, *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968). In its supporting argument, Defendant discusses federal preemption in the context of federal Indian law and, in particular, Supreme Court decisions holding that states may not regulate on-reservation economic activity between Native Americans.  Notably, however, Defendant provides no legal authority for applying the doctrine of complete preemption under the circumstances of this case.

The Supreme Court addressed the issue of whether federal preemption permits the removal of a state court action against an Indian tribe in *Oklahoma Tax Commission v. Graham*, 489 U.S. 838 (1989). There, the Supreme Court held that a defense of tribal immunity "does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Id*. at 841.  The Court concluded in *Graham* that the case was improperly removed to federal court because the state law tax claims against the tribe did not present federal questions and "there was no independent basis for original federal jurisdiction to support removal." *Id*.  Following this ruling, in *State of Oklahoma ex rel. Oklahoma Tax Commission v. Wyandotte Tribe of Oklahoma*, 919 F.2d 1449, 1452 (10th Cir. 1990), the Tenth Circuit expressly rejected a tribe's claim that the complete preemption doctrine created federal jurisdiction for an action against a tribe to collect state taxes.

The court found that the case presented "'a situation where the underlying right or obligation arises under state law and federal law is merely alleged as a barrier to its effectuation.'  Under *Graham*, this barrier does not convert this to a case arising under federal law."  *Id*. at 1452, *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 675 (1974).

The distinction between federal preemption, which provides a defense to a state law cause of action, and complete preemption, which renders a state law claim "necessarily federal in character" and creates federal jurisdiction, has been expanded in more recent Tenth Circuit cases. *See Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996), *quoting Metropolitan Life*, 481 U.S. at 63-64.  The Tenth Circuit regards "'complete preemption' as a term of art.  We read the term not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby  manifesting Congress's intent to permit removal."  *Schmeling*, 97 F.3d at 1342.  Under this view, "'complete preemption' refers to the replacement of a state cause of action with a federal one." *Id*.; *see Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156-57 (10th Cir. 2004) ("a state law claim is only 'completely preempted' under *Taylor* if it can be recharacterized as a claim under [federal law]"); *accord Turgeau v. Administrative Review Bd.*, 446 F.3d 1052, 1061 (10th Cir. 2006).

In this case, Defendant presents no basis for a finding of complete preemption.  Therefore, the Court finds Defendant has failed to carry its burden of establishing the existence of original federal jurisdiction.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (as the party invoking federal jurisdiction, a removing defendant bears the burden to establish jurisdictional prerequisites are met).  Accordingly, this case was improperly removed and must be remanded for lack of jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 7] is

GRANTED.  This case is remanded to the District Court of Oklahoma County, Oklahoma.

IT IS SO ORDERED this 16th day of October, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE